IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEENAN DORSEY, | : | No. 4:07-cv-1092 |
| Petitioner, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| CHRISTOPHER ANGELINI[1], | : | |
| Administrator, Federal Bureau of | : | |
| Prisons, USP Lewisburg Satellite | : | |
| Camp, | : | |
| Respondent | : | |

## MEMORANDUM

September 15, 2008

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. 6) of Magistrate Judge Malachy E. Mannion which recommends that the petition of Kevin Dorsey ("Petitioner") for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be denied for failure to exhaust administrative remedies. No objections to the R&R have been filed. For the reasons set forth below, the Court will adopt the R&R and dismiss the petition.

I.   **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] As noted by the Magistrate Judge, the proper respondent is the individual who has custody of the Petitioner, Warden Troy Williamson, and not Christopher Angelini. *See* 28 U.S.C. §§ 2242-43. Because the petition will be denied for failure to exhaust administrative remedies, an allowance to amend is unnecessary as it is of no consequence to this case.

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations, and, although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the R&R.

## II. BACKGROUND

The Petitioner pled guilty on October 19, 2006 to Conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. On March 23, 2007, he was sentenced to seventy months imprisonment. Currently, the Petitioner is serving his sentence at the Satellite Prison Camp for the United States Penitentiary, Lewisburg, Pennsylvania ("SPC-Lewisburg"). Petitioner's projected release date is March 27, 2012, via good conduct time release. (Doc. 4-4 at 6.)

According to the Petitioner, his circumstances demand a reduction of his custody level to "community" and transfer from SPC-Lewisburg to home confinement or a community corrections center ("CCC"). (Doc. 1.)

On June 18, 2007, the Petitioner filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). In his petition, the Petitioner challenges the Federal Bureau of Prisons' ("BOP") failure to reduce his custody level and grant the transfer which would result from the decreased classification. (*Id.*) Petitioner argues that the BOP's failure to reduce his custody level and grant the transfer is contrary to the BOP's statutory obligation under 18 U.S.C. § 3621(b) and regulatory obligation under Program Statement P5100.08 (2006). (*Id.*) Furthermore, the Petitioner claims, the BOP's actions are contrary to the holding of *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). Finally, perhaps anticipating the defect of not exhausting the administrative remedies available, the Petitioner argues that pursuing the administrative remedy process would be futile. (*Id.* at 5.)

On July 16, 2007, the Court directed the respondent to show cause why habeas relief should not be granted. (Doc. 3.) On August 6, 2007, the respondent filed his response and argued that the petition should be denied because the Petitioner had (1) failed to exhaust his administrative remedies; (2) has no constitutional right to placement in a halfway house; (3) is not yet eligible for

3

consideration for halfway house placement; and (4) has no constitutional right to a specific custody classification. (Doc. 4.) The Petitioner did not file a reply, and the time has passed for him to do so. As noted, the Magistrate Judge recommends the petition be denied for failure to exhaust administrative remedies.

### III. DISCUSSION

Prior to filing a habeas petition pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust the appropriate administrative remedies. *Callwood v. Eros*, 230 F.3d 627, 634 (3d. Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The exhaustion requirement is mandated to ensure (1) development of a factual record, (2) to allow the agency to grant the appropriate relief, and (3) to promote internal resolution of agency error. *See Moscato*, 98 F.3d at 761-762. This process ensures the proper allocation of judicial resources while promoting administrative autonomy. *Id.* Exhaustion of administrative remedies requires compliance with 28 U.S.C. §542.10 *et seq.*[2]

The Petitioner concedes within the petition his failure to comply with §542.10. (Doc. 1 at 14.) If a federal prisoner is not in compliance with §542.10 then the habeas petition should be denied. *Arias v. U.S. Parole Comm'n*, 648 F.2d

---

[2] Federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). First, a prisoner must present an issue of concern informally to staff. *Id.* If unsuccessful, within twenty days of the basis of the complaint the prisoner must address a Request for Administrative Remedy to the institutional staff member designated to receive such request, in most cases this will be the Warden. *Id.* at § 542.14(a), (c)(4). If unsatisfied with the Warden's response, the prisoner may, within 20 days of the response, appeal to the Regional Director. *Id.* at § 542.15(a). Finally, is unsatisfied with the Regional Director's response, the Petitioner may appeal to the General Counsel. The appeal to the General Counsel must be made within 30 days of the Regional Director's response. *Id.* This procedure is not applicable for a claim for which other administrative procedures have been established.

196, 199 (3d Cir. 1981). However, under limited circumstances, a prisoner may not be required to exhaust the administrative remedies. A prisoner's failure to exhaust may be excused if he can show that there is no opportunity to obtain adequate redress, or that the issue the prisoner presents only pertains to statutory construction, if the prisoner can affirmatively show that the pursuit of the administrative remedy would be futile. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d. Cir. 1981). The Petitioner here has not shown that his situation meets the above mentioned exceptions. Therefore, the petition must be denied.

The Petitioner argues that to seek an administrative remedy would be futile given his perception that it is the BOP's practice to categorically deny prisoners request for reduction of custody level classification. (Doc. 1 at 5, 14.) This practice of denial, the Petitioner contends, is contrary to the BOP's self-created regulations and statutory obligations, as outlined in *Woodall*. 432 F.2d 235. This Court agrees with the Magistrate Judge that the Petitioner's argument is based on mere speculation and does not meet the threshold of futility required to release him from the exhaustion requirement.

Likewise, the Petitioner fails to persuade this Court that his issue is one of statutory construction which might alleviate the exhaustion requirement. The

5

Petitioner is clearly challenging the BOP's discretionary decision with regard to his custody classification. Courts have held that where a habeas petition challenges the application of a rule to a specific situation, and not to the validity of a rule itself, the Petitioner must comply with the exhaustion requirement. See, e.g., *Hrokek v. Angelini*, No. 07-1228, 2008 WL 7171822 at 3 (M.D. Pa. mar. 17, 2008); *Perry v. Williamson*, No. 07-769, slip op. (M.D. Pa. Oct. 10, 2007); *Ahmed v. Lindsay*, No. 06-1221, 2006 WL 3308667 at 2 n.3 (M.D. Pa. Oct. 11, 2006). Because the petition here does not raise an issue of statutory construction, the Petitioner is not excused from complying with 28 U.S.C. § 542.10.

Finally, the Petitioner claims that he is not required to plead exhaustion in his initial filing. (Doc. 1 at 14). In support of this argument, the plaintiff cites *Jones v. Bock*, 127 S. Ct. 910 (2007), and the Supreme Court's conclusion that "failure to exhaust is an affirmative defense under the Prison Litigation Reform Act ('PLRA')." *Id.* at 921. However, *Jones* does not control the current case as the holding in *Jones* holding applies to actions under the PLRA, not to habeas corpus proceedings. *Booth v. Churner*, 206 F.3d 289, 295 (3d. Cir. 2000) (holding that the PLRA "does not include habeas corpus proceedings challenging the fact or duration of confinement in prison"). Furthermore, even without a specified requirement to plead exhaustion, "the absence of a requirement to specifically plead exhaustion does not bar a sua sponte dismissal where a concession on the

6

face of a petition exposes a bar to suit." *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002).

## IV. CONCLUSION

It is undisputed that the Petitioner failed to comply with § 542.10 *et seq.* and exhaust the administrative remedies afforded to him. There is no indication in the record that either he requested a transfer from SPC-Lewisburg or that the BOP denied or even considered the transfer. As such, this court will not consider the merits of the Petitioner's claim and dispose of the case accordingly. For the foregoing reasons, and consistent with the recommendation of the Magistrate Judge, this Court will enter an order denying Dorsey's petition for failure to exhaust administrative remedies.